IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TRACI A. STEWART | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-07-CV-052-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Traci A. Stewart seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including lupus, rheumatoid arthritis, fibromyalgia, scoliosis, muscle spasms, Sjogren's syndrome, livido reticularis, depression, and anxiety. After her applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 18, 2006. At the time of the hearing, plaintiff was 40 years old. She has a high school education and past work experience as a retail sales clerk. Plaintiff has not engaged in substantial gainful activity since February 24, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from an organic mental

disorder, an anxiety related disorder, arthralgia, and fatigue, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform medium work, including her past relevant work as a sales clerk. Plaintiff appealed this decision to the Appeals Council. In support of her request for review, plaintiff submitted a statement from her treating physician and additional lab test results. The Appeals Council found no reason to review the hearing decision. Plaintiff then filed this action in federal district court.

II.

In one broad ground for relief, plaintiff contends that the assessment of her residual functional capacity is not supported by substantial evidence and results from reversible legal error.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff's principal argument is that these proceedings must be remanded to allow proper consideration of a residual functional capacity assessment prepared by her treating physician. (*See* Plf. MSJ Br. at 12-13). The record reflects that Dr. Don E. Cheatum, a rheumatologist, treated plaintiff from April 2003 through June 2005. (Tr. at 15; *see also id.* at 130-148). In a statement dated January 11, 2005, Dr. Cheatum diagnosed plaintiff with systemic lupus erythematosus/rheumatoid arthritis, with a secondary diagnosis of "cognitive dysfunction." (*Id.* at 182). He also rated plaintiff's ability to perform a number of work-related activities. According to Dr. Cheatum, plaintiff can stand, sit, walk, push, or pull for two hours per workday, but can never keyboard, climb stairs or ladders, kneel or squat, and bend or stoop. (*Id.*). Nor can plaintiff perform community work in an office environment, such as answering phones or filing while seated, or complete employment related activities in a classroom setting. (*Id.*). Her ability to lift or carry

objects weighing more than 10 pounds is restricted to one hour per day. (*Id.*). Dr. Cheatum concluded that plaintiff is unable to work and that her disability is permanent. (*Id.*).

For reasons that are not explained by plaintiff, this treating source statement was not submitted to the ALJ. Instead, plaintiff provided a letter from Dr. Cheatum to unnamed creditors, which states, in pertinent part:

> On 5-18-04 I approved her disability for a year, but as of 1-11-05 she is now on total disability and will be in the foreseeable future including any sedentary type work because of her multiple medical problems as listed above. Please work with her regarding her bills as *she is totally disabled now and in the foreseeable future* and, obviously, does not want to ruin her credit.

(*Id.* at 134) (emphasis added). The ALJ expressly considered and rejected the letter, finding that it was written for bill collectors, gave no specific work-related limitations, and was not supported by medically accepted clinical and laboratory findings. (*Id.* at 16-17). As part of her request for review filed with the Appeals Council, plaintiff submitted the treating source statement completed by Dr. Cheatum and provided results of a lab test showing an elevated rheumatoid factor. (*See id.* at 2A, 181-84). Although the Appeals Council referred to this "additional evidence" in its Notice of Action, it did not specifically address the treating source statement or the lab results. (*Id.* at 3-5).

The Social Security Act, read in conjunction with the enabling regulations, requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Rodriguez v. Barnhart*, 252 F.Supp.2d 329, 336 (N.D. Tex. 2003), *citing* 20 C.F.R. § 404.970(b); *see also Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985) (all evidence, including new evidence must be reviewed by the Appeals Council in making its decision). "When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow." 20 C.F.R. § 404.1527(f)(3); *see also Newton v. Apfel*, 209 F.3d 448, 460 (5th

Cir. 2000). One such rule is that the opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton*, 209 at 456. These factors require consideration of:

1. the physician's length of treatment of the claimant;

2. the physician's frequency of examination;

3. the nature and extent of the treatment relationship;

4. the support of the physician's opinion afforded by the medical evidence of record;

5. the consistency of the opinion with the record as a whole; and

6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the record. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More particularly:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

The only mention of the treating source statement and the new lab results in the Notice of Appeals Council Action is the boilerplate language:

> [W]e considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. at 3-4). This superficial treatment by the Appeals Council does not reflect any of the criteria which must be explained when evaluating a treating source opinion. *See* SSR 96-5p, 1996 WL 374183 at *4, 6. Notwithstanding this error, the Fifth Circuit has warned against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard. *See, e.g. Jones v. Astrue*, 228 Fed. Appx. 403, 406-07, 2007 WL 1017095 at *3 (5th Cir. Mar. 29, 2007), *cert. denied*, 128 S.Ct. 707 (2007); *Higginbotham v. Barnhart*, 163 Fed. Appx. 279, 281-82, 2006 WL 166284 at *2 (5th Cir. Jan. 10, 2006). "If additional evidence is presented while the case is pending review by the Appeals Council, courts [ ] customarily review the record as a whole, including the new evidence, in order to determine whether the Commissioner's findings are still supported by substantial evidence." *Higginbotham*, 2006 WL 166284 at *2 (citing cases).

Here, the treating source opinion should have received more thorough consideration and discussion by the Appeals Council. In his statement, Dr. Cheatum indicated that plaintiff cannot sit or stand for more than two hours per workday, cannot lift or carry objects weighing more than 10 pounds for more than one hour per day, and can never keyboard, climb stairs or ladders, kneel or squat, and bend or stoop. (Tr. at 182). These findings suggest that plaintiff has the residual functional capacity for only sedentary or light work. *See* 20 C.F.R. § 404.1567(a) & (b).[1] By

---

[1] The social security regulations define "sedentary work" and light work" as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs

contrast, a state agency physician determined that plaintiff can sit and stand for six hours during an eight-hour workday, can frequently lift and carry objects weighing 25 pounds, can occasionally lift and carry objects weighing 50 pounds, and has no postural limitations. (*See id.* at 174-75). The ALJ considered those findings in determining that plaintiff had the residual functional capacity to perform medium work, including her past relevant work as a sales clerk. (*See id.* at 13, 17). None of this conflicting evidence was addressed by the Appeals Council. Nor did the Appeals Council consider the reason given by the ALJ for rejecting Dr. Cheatum's opinions--that his "To Whom It May Concern" letter was basically written for bill collectors and was not supported by documentary laboratory findings. (*See id.* at 16). The new medical evidence submitted by plaintiff was prepared for purposes of a disability determination, contains specific findings related to her ability to perform work-related activities, and is supported by objective laboratory results and clinical evaluations. Taken as a whole, the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination. Accordingly, this case must be remanded for proper consideration of the treating source statement and the new lab results. *See, e.g. Jones v. Astrue*, No. H-07-4435, 2008 WL 3004514 at *5 (S.D. Tex. Aug. 1, 2008) (remand required where summary denial of request for review provided no indication that Appeals Council evaluated treating source statement

---

are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(a) & (b).

as required by law); *Green v. Astrue*, No. 3-07-CV-0291-L, 2008 WL 3152990 at * 9 (N.D. Tex. Jul. 30, 2008) (same); *Stevenson v. Astrue*, No. 3-07-CV-269-N, 2008 WL 1776504 at *3-4 (N.D. Tex. Apr. 16, 2008) (same).

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: September 18, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.